**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER MICHAEL MABIE, | No. 17-15856 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01035-MJS |
| v. | |
| T. HOGAN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding**

Submitted September 26, 2017***

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Peter Michael Mabie appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive

force, retaliation, and free exercise claims.  We have jurisdiction under 28 U.S.C.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     Mabie consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Mabie's excessive force claim because Mabie failed to allege facts sufficient to show that defendant Hogan acted "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (explaining elements of excessive force claim in prison context).

The district court properly dismissed Mabie's free exercise claim because Mabie failed to allege facts sufficient to show his practice of religion was substantially burdened. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) ("A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion.").

The district court properly dismissed Mabie's retaliation claim because Mabie failed to allege facts sufficient to show that defendant Hogan took adverse action against him because of his engagement in protected conduct, or that any such action by Hogan chilled Mabie's exercise of his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (explaining elements of retaliation claim in prison context).

We do not consider Mabie's arguments regarding defendant Perez because

17-15856

Mabie failed to replead claims against Perez in his second amended complaint. *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.,* 710 F.3d 946, 973 n.14, 974 n.15 (9th Cir. 2013) (failure to replead claims after dismissal with leave to amend amounts to waiver).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

17-15856